1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TODD LADON JOHNSON,                      No. 2:19-cv-00769-KJM-KJN PS

12                    Plaintiff,

13          v.                                 ORDER AND

14    LAUREN VIGEN,                            FINDINGS AND RECOMMENDATIONS

15                    Defendant.

16

17          On July 2, 2019, the court granted plaintiff's motion to proceed in forma pauperis,

18   dismissed plaintiff's complaint with leave to amend, and provided plaintiff with 28 days to either

19   file a first amended complaint or a notice of voluntary dismissal of the action without prejudice.

20   (ECF No. 9.)  Plaintiff was cautioned that failure to timely comply with the order may result in

21   dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

22          After plaintiff failed to file either an amended complaint or a notice of voluntary dismissal

23   by the required deadline, the court considered whether the action should be dismissed.

24   Nevertheless, in light of plaintiff's pro se status, and the court's desire to resolve the action on the

25   merits, the court on August 13, 2019, issued an order to show cause as to why this action should

26   not be dismissed.  (ECF No. 10.)  The court also provided plaintiff with an additional opportunity

27   to file an amended complaint.  (Id.)  Plaintiff's response to the order to show cause and his first

28   amended complaint were due within 14 days of that order, i.e., by August 27, 2019.  (Id.)

1

1  Plaintiff was again expressly cautioned that failure to timely comply with all terms of the order

2  would result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure

3  41(b).  (Id.)  Plaintiff failed to respond by August 27, 2019.  The court then issued findings and

4  recommendations, on September 11, 2019, recommending that this action be dismissed due to

5  plaintiff's failure to comply with the court's orders and his failure to prosecute this case.  (ECF

6  No. 11.)

7          On September 18, 2019, plaintiff filed untimely objections to the court's

8  recommendations, in which he argued that in light of his upcoming release from incarceration on

9  September 16, 2019, he would be able to more fully address the court's orders and file an

10  amended complaint, as instructed.  (ECF No. 12.)  The court subsequently withdrew its findings

11  and recommendations and ordered plaintiff to file an amended complaint by December 5, 2019.

12  (ECF No. 13.)  The court also ordered plaintiff to keep the court appraised of his current address,

13  and instructed the Clerk of Court to serve the order on an address plaintiff included in his

14  objections.  (Id.)  Plaintiff's change of address was due February 3, 2020.  Plaintiff has not filed

15  an amended complaint, a change of address, or any other paper with the court since the court

16  withdrew its recommendations.

17          Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

18  with these Rules or with any order of the Court may be grounds for imposition by the Court of

19  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

20  Moreover, Eastern District Local Rule 183(a) provides, in part:

21          Any individual representing himself or herself without an attorney is
         bound by the Federal Rules of Civil or Criminal Procedure, these
22          Rules, and all other applicable law.  All obligations placed on
         "counsel" by these Rules apply to individuals appearing in propria
23          persona.  Failure to comply therewith may be ground for dismissal,
         judgment by default, or any other sanction appropriate under these
24          Rules.

25  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

26  same rules of procedure that govern other litigants") (overruled on other grounds).  A district

27  court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to

28  Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendant has been deprived of an opportunity to be promptly notified of the lawsuit and prepare a defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted multiple less drastic alternatives. More specifically, the court, cognizant of plaintiff's pro se status, declined to initially dismiss the case, but instead allowed plaintiff an opportunity to amend his complaint. The court also clearly cautioned

plaintiff regarding the potential consequences of any continued failure to comply with the court's orders. Additionally, given plaintiff's objections to the court's findings and recommendations, and his subsequent continued failure to follow the court's orders, it appears that any further steps would be an exercise in futility.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with court orders that precludes a resolution on the merits.

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

### FINDINGS, RECOMMENDATIONS, AND ORDER

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2.   The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Finally, the Clerk of Court is instructed to serve this order to the additional address plaintiff included in his objections: Todd L. Johnson, 5821 Dry Creek Rd. # 20, Rio Linda, CA 95673.

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 5, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

johnson.769.F&R dismiss